Opinión disidente y concurrente emitida por el
Juez Presi-dente Señor Hernández Denton.
Aunque coincidimos con la determinación tomada por este Tribunal respecto a devolver el caso a la Junta de Planificación para que la agencia evalúe el proyecto en controversia y determine si procede una enmienda a la consulta de ubicación o la presentación de una nueva con-sulta, disentimos de la parte III de la opinión por entender que la norma allí establecida limita indebidamente la fa-cultad de la Administración de Reglamentos y Permisos (ARPe) para evaluar y conceder los permisos que se ajus-ten a lo aprobado previamente por la Junta de Planificación:
H — i
De entrada, diferimos de la opinión del Tribunal en tanto concluye que, con sus actuaciones, ARPe intervino con un asunto que no es de su incumbencia; a saber, la toma de decisiones que involucran la implantación de una política pública sobre planificación, cosa que le atañe a la Junta de Planificación. En primer lugar, es preciso subra- *958 yar que —según surge de la propia opinión del Tribunal— durante la concesión de los permisos por parte de ARPe, la agencia reiteró que sus autorizaciones estaban supedita-das a lo aprobado por la Junta de Planificación. Tanto en la aprobación del desarrollo preliminar como en la aproba-ción del permiso de urbanización, ARPe hizo constar que el desarrollador debía cumplir con lo establecido en la con-sulta de ubicación autorizada por la Junta de Planificación.
Igual determinación tomó ARPe respecto a la solicitud para la aprobación del desarrollo preliminar alterno pre-sentada por el desarrollador, la cual disponía, entre otras cosas, un aumento de 34,950 pies cuadrados en el área superficial del proyecto. A pesar de esta solicitud, la apro-bación de ARPe no incluyó el exceso de la cabida. Por el contrario, una vez más, ARPe expresó que la aprobación de la solicitud estaba sujeta a lo autorizado por la Junta de Planificación e, incluso, le advirtió al desarrollador que para obtener la aprobación del área adicional debía acudir a la Junta de Planificación. De este modo, contrario a lo que concluye la opinión del Tribunal, ARPe no se arrogó las facultades que le competen a la Junta de Planificación, pues reconoció que era esta última quien debía evaluar el excedente de la cabida en controversia, y se ciñó en su aprobación a lo que la agencia autorizó mediante la con-sulta de ubicación. Por otro lado, no vemos cómo la actua-ción de ARPe redundó en un fraccionamiento, pues, a fin de cuentas, del expediente ante nuestra consideración surge un dato importante que la mayoría omite: que el Supermercado Amigo fue construido y se encuentra ope-rando desde el 2004, y que, después de todo, el desarrolla-dor construyó dentro de la cabida aprobada por la Junta de Planificación.
En segundo lugar, entendemos que la Mayoría omite ha-cer una distinción fundamental al determinar que ARPe se extralimitó al evaluar y tomar decisiones sobre el proyecto, “actuación improcedente que pretendió subsanar alu- *959 diendo a un proceso de ‘enmienda de autorización’ por la JP”. Estamos contestes con la opinión del Tribunal res-pecto al hecho de que ARPe no podía aprobar los 34,950 pies cuadrados adicionales propuestos por el desarrollador, pues ello hubiese sido contrario a los parámetros adopta-dos por la Junta de Planificación al autorizar la consulta de ubicación. No obstante, el hecho de que el desarrollador haya presentado su solicitud con un exceso de cabida no implica que ARPe estuviese impedida de evaluarla. Preci-samente, por éste incluir un área superficial adicional a la originalmente contemplada, dicha agencia se limitó en su aprobación a los parámetros establecidos por la Junta de Planificación. Ello, a nuestro juicio, no atenta contra nues-tro ordenamiento jurídico ni representa una actuación ultra vires por parte de la agencia.
Más bien, la determinación a la cual llega hoy la opinión del Tribunal, a los efectos de catalogar la actuación de ARPe como ultra vires porque evaluó el proyecto en contro-versia, atenta contra la economía procesal y es contraria al deber de dicha agencia de trabajar integradamente como el brazo operacional de la Junta de Planificación. No pode-mos perder de vista que el Art. 5(r) de la propia Ley Orgá-nica de ARPe, Ley Núm. 76 de 24 de junio de 1975, dispone que dicha agencia deberá “[e] stablecer [un] estrecho enlace y coordinación con la Junta de Planificación ... para lograr que la política pública ambiental, y asimismo la política pública sobre el desarrollo económico, social y físico de Puerto Rico ... se estructuren mediante el esfuerzo integral de todos los organismos gubernamentales, para proveer el máximo beneficio a la comunidad puertorriqueña”. 23 L.P.R.A. sec. 71d(r). Lamentablemente, la visión que hoy adopta la opinión del Tribunal sobre la relación entre las dos agencias es contraria al mandato estatutario y limita indebidamente las facultades de ARPe.
La determinación del Tribunal tampoco le hace justicia al conocido principio de que las agencias administrativas *960 son quienes poseen la pericia o el expertise para evaluar los asuntos que les han sido encomendados. Por ello, en reite-radas ocasiones hemos reafirmado que, a la luz de dicha pericia y experiencia, las decisiones de las agencias admi-nistrativas gozan de una presunción de corrección y merecen amplia deferencia. Véanse: Pacheco v. Estancias, 160 D.P.R. 409, 431 (2003); Misión Ind. P.R. v. J.P., 146 D.P.R. 64, 130 (1998). No obstante, la opinión del Tribunal deja a un lado, ese reconocido axioma del derecho administrativo y, en su lugar, le resta herramientas a la agencia para atender los asuntos ante su consideración en el mejor ejer-cicio de su discreción.
Por otro lado, tampoco podemos avalar la conclusión de que la sustitución de la relocalización de un supermercado existente por el Supermercado Amigo abone al alegado he-cho de que el proyecto que tuvo ARPe ante sí era total-mente distinto al que evaluó la Junta de Planificación. Si bien es cierto que el proyecto originalmente propuesto dis-ponía la relocalización de un supermercado existente y que al ser presentado ante ARPe —por razones que no se des-prenden del expediente— se alteró la propuesta original para ubicar el Supermercado Amigo, opinamos que este asunto puede ser atendido por la Junta de Planificación mediante una enmienda a la consulta de ubicación. A nues-tro juicio, en casos como el de autos lo procedente es que el desarrollador presente un nuevo estudio de mercado o cualquier otro documento mediante el cual, conforme a la Sec. 4.02 del Reglamento de Procedimientos Adjudicativos de la Junta de Planificación, Reglamento Núm. 6031 de 12 de noviembre de 1999, la Junta de Planificación pueda cer-ciorarse del carácter viable de la ubicación del negocio en la zona concernida. De esa forma, la agencia podría estar en la posición de reevaluar el asunto y resolver lo que pro-ceda en derecho.
En fin, creemos que resulta innecesario limitar, como lo hace la Mayoría de este Tribunal hoy, la facultad de ARPe para aprobar los permisos de construcción que se ajustan a *961 lo autorizado por la Junta de Planificación. Nótese que, a fin de cuentas, la opinión del Tribunal llega a la misma conclusión a la que llegó ARPe: que el asunto debe diluci-darse ante la Junta de Planificación. Según indicamos, ARPe dispuso que, para el pietaje en exceso propuesto por el des arrollador, éste debía obtener la autorización de la Junta de Planificación. Es decir, ARPe nunca aprobó la au-torización, sino que refirió el asunto a la agencia corres-pondiente, igual que lo hace la opinión del Tribunal hoy.
No obstante lo anterior, el Tribunal —contradictoria-mente— rechaza la actuación de ARPe y la describe como “improcedente”. A nuestro juicio, lo que es verdaderamente improcedente es la decisión que adopta hoy este Tribunal respecto a la determinación de ARPe. No entendemos cómo este Foro —después de haberle dedicado varios años a la consideración de los recursos en controversia— pretende ponerle punto final al asunto mediante un curso de acción que nada abona a lo que ya decidió ARPe. Por ello, enten-demos que el proceder del Tribunal, después de todo, no es sino un acto de futilidad.
II
Por todo lo anterior, concurrimos con la determinación del Tribunal de devolver el asunto a la Junta de Planifica-ción para que dicha agencia evalúe el proyecto en cuestión, pero disentimos de la norma hoy establecida por este Tribunal, por entender que ésta limita indebidamente las fa-cultades de ARPe.